1  Francis G. Huguenin
   Carson Law Group, PLLC
2  3113 Rockefeller Avenue
   Everett, WA  98201
3  (425) 493-5000

4

5

6

7                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9

10 | CORPORATE RECOVERIES, INC., a Washington corporation, | Case No. 2:24−cv−01746−BJR |

11 |                  Plaintiff,                          |                             |

12 |                  vs.                                 | **MOTION TO WITHDRAW AS COUNSEL FOR CORPORATE RECOVERIES, INC.** |

13 | DAVID HILL a/k/a DAVID ALLEN HILL, DAVID HILL ALLEN, DAVID ALLEN WILLIAM, WILLIAM DAVID ALLEN, WILLIAM DALLEN and JANE DOE HILL, Husband and Wife and their Marital Community Thereof; FORTUNE TUKWILA, LLC d/b/a FORTUNE CASINO – TUKWILA, a Washington Limited Liability Company, |

18 |                  Defendants.                         |

19

20         COMES NOW, Francis G. Huguenin and Carson Law Group, PLLC, current

21 Attorney for Plaintiff CORPORATE RECOVERIES, INC., to hereby motion this Court

22 for an Order of Withdrawal.

23

24

25 MOTION TO WITHDRAW AS COUNSEL
   FOR CORPORATE RECOVERIES, INC. - Page 1
26

27

CARSON LAW GROUP, PLLC
3113 ROCKEFELLER AVE
EVERETT, WASHINGTON 98201
(425) 493-5000 • (425) 493-5004 (FAX)

## I. STATEMENT OF RELEVANT FACTS

1. This litigation is in its early stages. Plaintiff filed the present action in King County Superior Court on September 13, 2024. Defendants in this matter removed the litigation to this Court on October 25, 2024. No trial date has been set.

2. Plaintiff's counsel now brings the present Motion to Withdraw on the bases identified hereinbelow.

## II. LEGAL STANDARD AND ARGUMENT

RPC 1.16(b)(7) permits withdrawal when good cause exists. While Plaintiff's counsel is admitted to practice in this Court, it is only because admission was tangential to his admission to practice in the United States Bankruptcy Court, Western District of Washington, for some limited bankruptcy legal representation that mostly occurred over seven (7) years ago. *Subjoined Declaration of Francis G. Huguenin, ¶* 3. He has never tried a case in Federal District Court and lacks the requisite experience to effectively represent Plaintiff herein. *Id.*

In addition, in accordance with WSBA Advisory Opinion 201701, a courtesy copy of which is attached hereto as <u>Exhibit 1</u>, Plaintiff's counsel hereby informs the Court that he reasonably believes there are one or more other bases for withdrawal pursuant to RPC 1.16 and that professional considerations require him to do so. *Id.* at *¶* 4. Due to obligations to Plaintiff pursuant to RPC 1.6, Plaintiff's counsel cannot provide a further explanation on the record but will do so *in camera* if the Court so requires. *Id.*

MOTION TO WITHDRAW AS COUNSEL
FOR CORPORATE RECOVERIES, INC. - Page 2

CARSON LAW GROUP, PLLC
3113 ROCKEFELLER AVE
EVERETT, WASHINGTON 98201
(425) 493-5000 • (425) 493-5004 (FAX)

Pursuant to Local Rule 83.2, Plaintiff's counsel hereby certifies he has advised the Plaintiff that it is required by law to be represented by an attorney admitted to practice before this Court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of Plaintiff's claims for failure to prosecute and/or entry of default against the Plaintiff as to any claims of other parties. *Id.* at *¶* 5.

The contact information for Plaintiff is as follows:

Corporate Recoveries, Inc.
PO Box 88406
Tukwila, WA 98138

Phone Number: (206) 575-3222

Plaintiff's counsel certifies that on November 14, 2024, he met and conferred with counsel for the Defendants regarding this Motion. *Id.* at *¶* 6. He further certifies that he has conferred with Plaintiff through multiple calls and emails since October 23, 2024 about his intention to withdraw on the bases identified hereinabove. *Id.*

### III.   CONCLUSION

For the reasons identified hereinabove, good cause exists for Plaintiff's counsel to be permitted to withdraw from this matter. As such, he respectfully requests this Motion be granted.

### IV.   PROPOSED ORDER

A proposed Order accompanies this Motion.

MOTION TO WITHDRAW AS COUNSEL
FOR CORPORATE RECOVERIES, INC. - Page 3

CARSON LAW GROUP, PLLC
3113 ROCKEFELLER AVE
EVERETT, WASHINGTON 98201
(425) 493-5000 • (425) 493-5004 (FAX)

1 | DATED this 15th day of November, 2024.

2 | CARSON LAW GROUP, PLLC

3 | */s/ Francis G. Huguenin*

4 | _____
   | Francis G. Huguenin, WSBA #47098
5 | Withdrawing Attorney

MOTION TO WITHDRAW AS COUNSEL
FOR CORPORATE RECOVERIES, INC. - Page 4

CARSON LAW GROUP, PLLC
3113 ROCKEFELLER AVE
EVERETT, WASHINGTON 98201
(425) 493-5000 • (425) 493-5004 (FAX)

## SUBJOINED DECLARATION OF FRANCIS G. HUGUENIN

I, Francis G. Huguenin, declare as follows:

1. I am over the age of eighteen (18) and competent to testify as a witness herein. I make this Declaration based on personal knowledge.

2. I am currently the attorney of record for Plaintiff herein.

3. While I am admitted to practice in this Court, it is only because admission was tangential to my admission to practice in the United States Bankruptcy Court, Western District of Washington, for some limited bankruptcy legal representation that mostly occurred over seven (7) years ago. I have never tried a case in Federal District Court and lack the requisite experience to effectively represent Plaintiff herein. *Id.*

4. I hereby declare to this Court that I have a reasonable belief there are one or more other bases for withdrawal pursuant to RPC 1.16 and that professional considerations require me to do so. Due to my obligations to Plaintiff pursuant to RPC 1.6, I cannot provide a further explanation on the record but will do so *in camera* if the Court so requires.

5. In accordance with Local Rule 83.2, I hereby certify I have advised the Plaintiff that it is required by law to be represented by an attorney admitted to practice before this Court and that failure to obtain a replacement attorney by the date my withdrawal is effective may result in the dismissal of Plaintiff's claims for failure to prosecute and/or entry of default against the Plaintiff as to any claims of other parties.

6. I certify that on November 14, 2024, I met and conferred with counsel for the Defendants regarding this Motion. I further certify that I have conferred with Plaintiff through multiple calls and emails since October 23, 2024 about my intention to withdraw from this matter on the bases identified hereinabove.

TO THE BEST OF MY KNOWLEDGE AND BELIEF, I DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES.

//

//

MOTION TO WITHDRAW AS COUNSEL
FOR CORPORATE RECOVERIES, INC. - Page 5

CARSON LAW GROUP, PLLC
3113 ROCKEFELLER AVE
EVERETT, WASHINGTON 98201
(425) 493-5000 • (425) 493-5004 (FAX)

DATED this 15th day of November, 2024.

/s/ Francis G. Huguenin
_____
Francis G. Huguenin, Declarant

MOTION TO WITHDRAW AS COUNSEL
FOR CORPORATE RECOVERIES, INC. - Page 6

CARSON LAW GROUP, PLLC
3113 ROCKEFELLER AVE
EVERETT, WASHINGTON 98201
(425) 493-5000 • (425) 493-5004 (FAX)

# DECLARATION OF SERVICE/MAILING

I declare under penalty of perjury of the laws of the United States that on the date signed below, I caused to be served a copy of the document to which this Declaration is affixed upon the following:

*Attorneys for Defendants/Counterclaim Plaintiffs*

| | |
|---|---|
| Paul J. Spadafora | [ ] via Legal Messenger |
| Julie M. Pendleton | |
| Joseph P. Evans | [ ] via U.S. Mail, postage pre-paid |
| Aaron E. Shwartz | |
| Lasher Holzapfel Sperry & Ebberson PLLC | [X] via ECF Filing System |
| 601 Union Street, Suite 2600 | [X] via E-Mail |
| Seattle, WA 98101-4000 | |

*Plaintiff/Counterclaim Defendant*

| | |
|---|---|
| Corporate Recoveries, Inc. | [ ] via Legal Messenger |
| Attn: Scott Carey | |
| PO Box 88406 | [X] via U.S. Mail, postage pre-paid |
| Tukwila, WA 98138 | [ ] via ECF Filing System |
| | [X] via E-Mail |

DATED this 15th day of November, 2024.

*/s/ Francis G. Huguenin*

Francis G. Huguenin, Declarant

MOTION TO WITHDRAW AS COUNSEL
FOR CORPORATE RECOVERIES, INC. - Page 7

# Exhibit 1

# WASHINGTON STATE BAR ASSOCIATION

**Advisory Opinion:** 201701

**Year Issued:** 2017

**RPC(s):** RPC 1.6(a)-(b), 1.13(c)-(e), 1.16(a)-(d), 3.3(c)-(d)

**Subject:** Lawyer Withdrawal; Disclosure of Confidential Client Information in Motion to Withdraw


Facts:
Lawyer, who has been representing Client in litigation pending in Washington Superior Court, decides that there is a mandatory or permissive basis for withdrawal from the representation under RPC 1.16(a) and (b). [n.1] The basis for withdrawal does not involve a situation in which there is an imminent risk of death or serious bodily injury under RPC 1.6(b)(1), [n.2] permissible "up the ladder" reporting out under RPC 1.13(c) through (e), [n.3] the realization by Lawyer that Lawyer has offered false testimony or evidence under RPC 3.3(c) or (d), [n.4] or any other situation in which Lawyer is required by substantive law or by the RPCs to disclose the reasons for Lawyer's withdrawal. [n.5]

Client is either unwilling or unable to make arrangements for a substitution of counsel. Lawyer understands that pursuant to RPC 1.16(c) and (d), [n.6] as well as Superior Court Civil Rule 71 [n.7] or Superior Court Criminal Rule 3.1(e), [n.8] Lawyer must file a motion for leave to withdraw with the trial court and that if the trial court denies the motion to withdraw, Lawyer must either remain in the case, seek reconsideration by the trial court or seek appellate relief.

Question:

Without violating RPC 1.6, what information about Client may Lawyer provide when filing the motion to withdraw?

Conclusion:
Without violating RPC 1.6, Lawyer may always voluntarily inform the court that Lawyer believes that there is a basis for withdrawal pursuant to RPC 1.16 or that Lawyer believes that professional considerations make it appropriate for the lawyer to seek leave to withdraw. Lawyer may also make other similar statements as long as Lawyer does not disclose the particular reasons or basis for withdrawal. In addition, Lawyer may always state, without violating RPC 1.6, that due to Lawyer's obligations to Client pursuant to RPC 1.6, Lawyer cannot provide a further explanation on the record but will do so in camera if the court so requires.

Lawyer may describe the specific basis for withdrawal on the public record if Client gives informed consent to the statement or if Lawyer owes no duty of confidentiality under RPC 1.6(a).

Lawyer may also offer further information in camera and under seal if ordered to do so by the trial court.

If the trial court orders Lawyer to place any further information on the public record or asserts that the motion to withdraw will be denied unless further information is provided on the public record, and if the information that Lawyer would need to furnish is protected under RPC 1.6(a), then:

• If Client expresses an intent to seek immediate appellate review or if Lawyer is willing to seek immediate appellate review on Client's behalf, Lawyer should not make any further disclosure until the process of appellate review has run its course unless the trial court has threatened to hold the lawyer in contempt for not providing the information or the failure to disclose would somehow violate another RPC.

• If Client does not express an intent to seek immediate appellate review or cannot be found, Lawyer may make additional disclosure on the public record if but only if Lawyer reasonably believes that doing so is required by the trial court in order to obtain permission to withdraw.

Analysis:
This opinion requires that we balance Lawyer's right or duty to seek leave to withdraw with Lawyer's obligations of confidentiality to Client. With respect to the latter, RPC 1.6 provides that:

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer to the extent the lawyer reasonably believes necessary:
(1) shall reveal information relating to the representation of a client to prevent reasonably certain death or substantial bodily harm;
(2) may reveal information relating to the representation of a client to prevent the client from committing a crime;
(3) may reveal information relating to the representation of a client to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
(4) may reveal information relating to the representation of a client to secure legal advice about the lawyer's compliance with these Rules;
(5) may reveal information relating to the representation of a client to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client;
(6) may reveal information relating to the representation of a client to comply with a court order; or
(7) may reveal information relating to the representation to detect and resolve conflicts of interest arising from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client;
(8) may reveal information relating to the representation of a client to inform a tribunal about any client's breach of fiduciary responsibility when the client is serving as a court appointed fiduciary such as a guardian, personal representative, or receiver.

(c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

"The Rules of Professional Conduct are rules of reason." Official Comment [14] to Scope section of Washington Rules of Professional Conduct. It would be unreasonable to construe RPC 1.6(a) to mean that when filing a

motion to withdraw, Lawyer cannot state that Lawyer believes there is a basis for withdrawal, that professional considerations provide grounds for Lawyer's request for withdrawal or other similar statements that do not reveal the specific substantive basis for seeking withdrawal since such statements do not reveal any information protected by RPC 1.6(a). Accord, ABA Formal Ethics Op. 16-476 ("Opinion 16-476"). As noted in Opinion 16-476, most courts will be satisfied that such a statement provides sufficient support for a motion to withdraw that the motion will be granted. If this is or reasonably may be so, no further disclosure of information protected by RPC 1.6(a) will be permitted because Lawyer will not be able to reasonably believe that additional disclosure is necessary within the meaning of any of the subsections of RPC 1.6(b). [n.9]

In addition to stating that Lawyer believes there is a basis for withdrawal under RPC 1.16 or another similar statement, Lawyer may offer to provide additional information to the trial court in camera and under seal if ordered to do so. Such a statement does nothing more than reflect the trial court's authority to order such information and Lawyer's ability to reveal information pursuant to a court order under RPC 1.6(b)(6). The submission of such information pursuant to court order and under seal is an efficient and effective means of explaining the basis for withdrawal while protecting Client's confidentiality under RPC 1.6(a). In addition, Lawyer's implicit assertion that more information could be provided may convince the trial court to grant the motion without further review of information protected by RPC 1.6(a). Unless, if it reasonably appears to Lawyer that disclosure under seal will be sufficient to cause the trial court to permit withdrawal, Lawyer cannot reasonably believe that further disclosure on the record is necessary under RPC 1.6(b). [n.10]

In those very rare instances in which a court rules that it will not accept materials in camera and under seal and will not allow withdrawal unless Lawyer explains the reason or basis for seeking withdrawal on the public record, Lawyer may delay making disclosure and instead seek immediate appellate review of the trial court's ruling. Similarly, if Client announces an intent to seek such review, Lawyer must generally delay providing additional information until the review process has run its course and may delay providing any additional information for so long as the review process is under way. Cf. RPC 1.2(d). [n.11] If, however, Lawyer is threatened with immediate contempt, Lawyer may make disclosure to the extent Lawyer reasonably believes necessary under RPC 1.6(b)(6).


Endnotes:

1. RPC 1.16(a) and (b) provide that:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall, notwithstanding RCW 2.44.040, withdraw from the representation of a client if:
(1) the representation will result in violation of the Rules of Professional Conduct or other law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
(3) the lawyer is discharged.
(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
(1) withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(3) the client has used the lawyer's services to perpetrate a crime or fraud;
(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered

unreasonably difficult by the client; or
(7) other good cause for withdrawal exists.

2. RPC 1.6 is quoted in full in the Analysis section of this opinion.

3. RPC 1.13(c) through (e) provides that:

(c) Except as provided in paragraph (d), if
(1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action, or a refusal to act, that is clearly a violation of law, and
(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization, then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) and (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

4. RPC 3.3(c) and (d) provide that:

(c) If the lawyer has offered material evidence and comes to know of its falsity, the lawyer shall promptly disclose this fact to the tribunal unless such disclosure is prohibited by Rule 1.6.

(d) If the lawyer has offered material evidence and comes to know of its falsity, and disclosure of this fact is prohibited by Rule 1.6, the lawyer shall promptly make reasonable efforts to convince the client to consent to disclosure. If the client refuses to consent to disclosure, the lawyer may seek to withdraw from the representation in accordance with Rule 1.16.

5. See, e.g., RPC 4.1, which provides in pertinent part that:

In the course of representing a client a lawyer shall not knowingly: * * * (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

6. RPC 1.16(c) and (d) provide that:

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of another legal

practitioner, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

7. Superior Court Civil Rule 71 states:

(a) Withdrawal by Attorney. Service on an attorney who has appeared for a party in a civil proceeding shall be valid to the extent permitted by statute and rule 5(b) only until the attorney has withdrawn in the manner provided in sections (b), (c), and (d). Nothing in this rule defines the circumstances under which a withdrawal might be denied by the court.

(b) Withdrawal by Order. A court appointed attorney may not withdraw without an order of the court. The client of the withdrawing attorney must be given notice of the motion to withdraw and the date and place the motion will be heard.

(c) Withdrawal by Notice. Except as provided in sections (b) and (d), an attorney may withdraw by notice in the manner provided in this section.

(1) Notice of Intent To Withdraw. The attorney shall file and serve a Notice of Intent To Withdraw on all other parties in the proceeding. The notice shall specify a date when the attorney intends to withdraw, which date shall be at least 10 days after the service of the Notice of Intent To Withdraw. The notice shall include a statement that the withdrawal shall be effective without order of court unless an objection to the withdrawal is served upon the withdrawing attorney prior to the date set forth in the notice. If notice is given before trial, the notice shall include the date set for trial. The notice shall include the names and last known addresses of the persons represented by the withdrawing attorney, unless disclosure of the address would violate the Rules of Professional Conduct, in which case the address may be omitted. If the address is omitted, the notice must contain a statement that after the attorney withdraws, and so long as the address of the withdrawing attorney's client remains undisclosed and no new attorney is substituted, the client may be served by leaving papers with the clerk of the court pursuant to rule 5(b)(1).

(2) Service on Client. Prior to service on other parties, the Notice of Intent To Withdraw shall be served on the persons represented by the withdrawing attorney or sent to them by certified mail, postage prepaid, to their last known mailing addresses. Proof of service or mailing shall be filed, except that the address of the withdrawing attorney's client may be omitted under circumstances defined by subsection (c)(1) of this rule.

(3) Withdrawal Without Objection. The withdrawal shall be effective, without order of court and without the service and filing of any additional papers, on the date designated in the Notice of Intent To Withdraw, unless a written objection to the withdrawal is served by a party on the withdrawing attorney prior to the date specified as the day of withdrawal in the Notice of Intent To Withdraw.

(4) Effect of Objection. If a timely written objection is served, withdrawal may be obtained only by order of the court.

(d) Withdrawal and Substitution. Except as provided in section (b), an attorney may withdraw if a new attorney is substituted by filing and serving a Notice of Withdrawal and Substitution. The notice shall include a statement of the date on which the withdrawal and substitution are effective and shall include the name, address, Washington State Bar Association membership number, and signature of the withdrawing attorney and the substituted attorney. If an attorney changes firms or offices, but another attorney in the previous firm or office will become counsel of record, a Notice of Withdrawal and Substitution shall nevertheless be filed.

8. Superior Court Criminal Rule 3.1(e) states:

Withdrawal of Lawyer. Whenever a criminal cause has been set for trial, no lawyer shall be allowed to withdraw from said cause, except upon written consent of the court, for good and sufficient reason shown.

9. We recognize that there may be situations in which Client grants informed consent to the provision of further information or when the additional information about the basis for withdrawal is not protected under RPC 1.6(a). In such situations, further disclosure would be permitted. In our experience, however, such situations are rare.

10. Although, consistent with RPC 1.6(b)(5), Lawyer may be able to make some reasonable further disclosure in aid of suing Client for unpaid fees, a mere motion to withdraw is not the same as an action for fees. In addition, any disclosure in the course of a claim for fees must not exceed what is reasonably necessary.

11. RPC 1.2(d) provides that:

A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

\*\*\*

Advisory Opinions are provided for the education of the Bar and reflect the opinion of the Committee on Professional Ethics (CPE) or its predecessors. Advisory Opinions are provided pursuant to the authorization granted by the Board of Governors, but are not individually approved by the Board and do not reflect the official position of the Bar association. Laws other than the Washington State Rules of Professional Conduct may apply to the inquiry. The Committee's answer does not include or opine about any other applicable law other than the meaning of the Rules of Professional Conduct.