The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORPORATE RECOVERIES INC.,

    Plaintiff,

v.

DAVID HILL, *et al.*,

    Defendants.

NO. 24-cv-1746-BJR

**ORDER RE SPECIAL MASTER DECISION**

This case was removed from King County Superior Court in October 2024, and subsequently dismissed for failure to prosecute. *See* ECF No 28. The case remains open, however, to resolve Defendants' counterclaim. The parties filed a stipulation with the Court, requesting that the Court appoint Judge Bruce Hilyer (retired) as a Special Master in this litigation. Stip., ECF No. 69. The Court granted the stipulation, and appointed Judge Hilyer as Special Master for the purpose of supervising discovery, which included ruling on motions and assertions of privilege, and making orders, findings, and recommendations regarding discovery responses and production. Appointment Order, ECF No. 70.

Currently pending before this Court is a discovery dispute raised by the parties related to a decision issued by the Special Master. The parties initially sent separate emails to the Court, and

ORDER RE SPECIAL MASTER DECISION

- 1

then briefed the issue pursuant to this Court's Order, ECF No. 84. The Court has reviewed the parties' briefs and finds a hearing unnecessary.

In sum, Corporate Recoveries Inc. requests this Court modify or reverse one of the Special Master's Orders regarding whether Plaintiff Corporate Recoveries' principal, Scott Carey, had waived attorney-client privilege with a non-party, Carson Law Group and its attorney. CRI Brief 2, ECF No. 87. Corporate Recoveries contends that the Special Master exceeded his authority. *Id.*

During discovery, Defendants issued a subpoena to a non-party, Carson Law Group, and its attorney. Hill Brief 2, ECF No. 85. Corporate Recoveries asserted attorney-client privilege over a majority of the requested documents. CRI Brief 3. Corporate Law Group also objected to the subpoena, asserting, in part, Corporate Recoveries' attorney-client privilege. Hill Brief 4.

The parties and Carson Law Group jointly submitted a request to the Special Master to adjudicate the dispute about privilege. Hill Brief 5. The Special Master issued a briefing schedule, after which Defendants filed their motion seeking to establish that the attorney-client privilege had been waived. *Id.* at 4, 5. Corporate Recoveries did not oppose the Hill Defendants' motion, nor did they join in Carson Law Group's response objecting to the motion. Hill Brief 3, 5.

The Special Master then conducted a thorough review, including conducting an *in camera* review of many of the documents. *Id.* at 2. The Special Master issued a written order granting Defendants' motion in part. *Id.* at 5. The Special Master found, for multiple reasons, that Scott Carey had waived attorney-client privilege with the Carson Law Group and its attorney. *Id.*

The Court does not agree with Corporate Recoveries that the Special Master exceeded the scope of his authority. This Court's Appointment Order provides that the Special Master may "make orders, findings, and recommendations regarding written discovery responses and production should good faith conferences between the parties be unsuccessful in resolving the

ORDER RE SPECIAL MASTER DECISION

- 2

disputes." Appointment Order 3. Further, the parties jointly submitted a request to the Special Master to adjudicate the dispute about privilege, giving the Special Master explicit authority to resolve the specific dispute by "any other method he sees fit." Hill Brief 5; *see* Fed. R. Civ. P. 53 (a)(1) (indicating that a Special Master's scope is limited to "duties consented to by the parties"). Corporate Recoveries chose not to participate in the briefing nor set out their position on the attorney-client privilege issue before the Special Master issued his Order.

Under these circumstances, the Court finds that Corporate Recoveries waived their objections to the Special Master's Order, and the Court declines to exercise its discretion to perform any further review of the Special Master's Order. The Special Master's finding that Scott Carey waived his attorney-client privilege stands as ordered.

DATED this 31st day of March 2026.

Barbara Jacobs Rothstein
United States District Judge

ORDER RE SPECIAL MASTER DECISION

- 3